**David PACE, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendants.**

Civ. A. No. 93–2427–KHV.

United States District Court,
D. Kansas.

July 6, 1995.

Larry O. Denny, Kansas City, MO, for plaintiff.

Christina L. Morris, Office of United States Atty., Kansas City, KS, for defendants.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This is a proceeding for review of action by the Secretary of Health and Human Services under Title 42 of the United States Code. Pursuant to Rule 503 of the Rules of Practice and Procedure of this Court, on January 31, 1994, the Secretary filed an answer and certified copy of the transcript of the administrative record. Docs. # 11 and # 12. Plaintiff responded that the transcript was incomplete because it omitted testimony from a hearing on November 7, 1989, at which plaintiff and his father testified. Plaintiff therefore requested a "complete" transcript of hearing. *Plaintiff's Request for Complete Transcript of Hearing* (Doc. # 15) filed April 6, 1994. Defendant responded that the tape of the hearing in question had been lost and could not be found. *Declaration of Pauline C. Tillmann, Acting Director Division V, Office of Civil Actions, Office of Hearings and Appeals, Social Security Administration, United States Department of Health and Human Services* (Doc. # 16) filed April 21, 1994.

On September 2, 1994, plaintiff filed his *Motion for Default Judgment for Plaintiff or in the Alternative to Remand Case to the Secretary of Health and Human Services With Suggestions* (Doc. # 18). More specifi-

cally, because defendant had been unable to produce the requested transcript, plaintiff asked the Court to strike defendant's answer, enter default judgment for plaintiff (reinstating benefits under the Social Security Act), and assess Rule 11 sanctions. In the alternative, plaintiff asked the Court to remand for further administrative proceedings. On September 8, 1994, the Court denied plaintiff's request for sanctions and default judgment, but directed defendant to show cause on or before September 16, 1994, why the case should not be remanded for further proceedings, with plaintiff's benefits to be restored in the interim. *Order* (Doc. # 19).

On September 15, 1994, defendant filed her response to the court's order to show cause. *Defendant's Response to the Court's Order to Show Cause* (Doc. # 20). Defendant argued that remand was inappropriate because a hearing in 1994 would not add evidence relevant to the Secretary's decision that plaintiff's disability ended in 1988. Defendant argued that if the Court could not affirm the Secretary's decision on the merits, remand should include appropriate investigation of plaintiff's employment after 1988.

This matter comes before the Court on the sufficiency of defendant's response to the court's order to show cause.

### Background

Pursuant to the Secretary's decision of January 26, 1982, plaintiff has received disability and disability insurance benefits, as well as supplemental security income for disability beginning February 27, 1981. Following a periodic medical review in August, 1988, the Secretary determined that plaintiff's disability had ended in August, 1988 because of medical improvements. Plaintiff's disability benefits ceased in October, 1988. Plaintiff contested this conclusion and appealed.

The Administrative Law Judge conducted his initial hearing on November 7, 1989. Although the transcript of that hearing is unavailable, the parties agree that at that hearing, plaintiff and his father, Warren Pace, gave extensive testimony concerning plaintiff's alleged reactions to environmental pollutants, products and fumes, and his alleged inability to work. The Administrative Law Judge conducted supplemental hearings on July 17, 1991 and November 5, 1991. Based on the evidence at all three hearings, the Administrative Law Judge concluded that plaintiff did not have allergies; that his sensitivities and other conditions were not significantly disabling; that plaintiff did not have a severe impairment; and that plaintiff's contrary evidence—which the ALJ recited in detail—was "no more than partially credible." In rejecting plaintiff's testimony with respect to the totally disabling severity of his reactions to environmental pollutants, the ALJ afforded "great weight" to the testimony of Lynn I. DeMarco, a board certified M.D. allergist who testified at the hearings on July 17, 1991 and November 5, 1991. In addition, however, the ALJ recited numerous inconsistencies and contradictions in plaintiff's testimony at the hearing on November 7, 1989, and concluded that plaintiff's testimony was no more than partially credible under the criteria established in *Lune v. Bowen,* 834 F.2d 161 (10th Cir.1987).

### Analysis

■ In a Social Security disability case, the Court has the duty to meticulously examine the record and determine on the record as a whole whether the Secretary's factual findings are supported by substantial evidence and whether the Secretary applied correct legal standards. *E.g., Goatcher v. U.S. Dep't of Health & Human Services,* 52 F.3d 288, 289 (10th Cir.1995), *Hargis v. Sullivan,* 945 F.2d 1482, 1486 (10th Cir.1991); *Dollar v. Bowen* 821 F.2d 530, 532 (10th Cir.1987).

■ The entire administrative record is a necessary part of appellant's record on appeal. As the 10th Circuit recently explained in *Goatcher,* "[b]ecause this area of law is fact-specific and our standard of review is deferential to the Secretary, the complete administrative record is required whether appellant argues that the findings are not supported by substantial evidence or that incorrect legal standards were applied." 52 F.3d at 289.

The Secretary's findings with respect to plaintiff's credibility derive largely from the hearing on November 7, 1989. Because the Secretary cannot produce a transcript of that hearing, the Court cannot conduct the "meticulous examination" of the record which Tenth Circuit procedure requires. The Secretary's order is therefore vacated and this matter is remanded for further proceedings. On remand, the Secretary may take new evidence or conduct additional proceedings, as appropriate. In the alternative, the Secretary may stand on the prior factual record, disregarding of course all evidence received at the hearing on November 7, 1989. In that event, the Secretary shall enter a new order with findings based exclusively on evidence other than that received on November 7, 1989.

IT IS SO ORDERED.