83 F.3d 433
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Debra RASMUSSEN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-2110.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 
 ORDER AND JUDGMENT[2]
 Before KELLY and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 KELLY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Debra A. Rasmussen appeals the district court's judgment affirming the final decision of the Secretary of Health and Human Services denying her application for supplemental security income benefits. We exercise jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291, and we affirm.
 
 
 3
 Appellant applied for benefits in December 1990, alleging a learning disability. Following a hearing, the administrative law judge (ALJ) found that appellant was not engaged in substantial gainful employment; had severe impairments which did not meet or equal a listed impairment; could not perform her past relevant work as a waitress; but was not disabled because she had the residual functional capacity to enable her to do other work in the national economy. See 20 C.F.R. 416.920; Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(discussing the five steps in detail).
 
 
 4
 Our review is limited to determining whether the factual findings are supported by substantial evidence and whether the Secretary applied the correct legal standards. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir.1995). Appellant contends that the ALJ erred in finding that she can perform the kitchen worker, cafeteria attendant, or housekeeper jobs identified by the vocational expert because she presented evidence that some employers might not hire her. Aplt.App. at 188.
 
 
 5
 We have reviewed the record and conclude that there is substantial evidence to support the ALJ's decision that appellant is not disabled. This court may "neither reweigh the evidence nor substitute our judgment for that of the [Secretary]." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 6
 Also, contrary to appellant's contention, the vocational expert's testimony did not contradict the Dictionary of Occupational Titles because the vocational expert took into consideration appellant's mental impairments in testifying that appellant could perform certain kitchen worker, cafeteria attendant, and housekeeper jobs. Appellant's remaining contention is also without merit: the district court noted appellant's daily activities as a parent, but neither the district court nor the ALJ relied on such activities for the basis of their findings.
 
 
 7
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation