83 F.3d 434
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Phillip D. WHITAKER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,[1] Defendant-Appellee.
 No. 95-7109.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1996.
 
 1
 Before BRORBY and BARRETT, Circuit Judges, and BRIMMER,*** District Judge.
 
 ORDER AND JUDGMENT[2]
 
 2
 JAMES E. BARRETT Senior Circuit Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Appellant Phillip D. Whitaker filed an application for Supplemental Security Income and child's insurance benefits based on an alleged disability since birth. After a hearing, an administrative law judge (ALJ) concluded that appellant is not disabled and is not entitled to benefits. Because the Appeals Council denied review, the ALJ's decision became the Secretary's final decision. Appellant appeals from the district court's order affirming the Secretary's decision to deny him benefits. We have jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291. We affirm.
 
 
 5
 Appellant was born in 1970 and has never worked. He suffers from mild mental retardation. Appellant contends the district court erred in determining that he did not meet Listed Impairment 12.05C (Mental Retardation and Autism). 20 C.F.R., Pt. 404, Subpt. P, App. 1, 12.05C. To meet this Listing, appellant must have "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." Id. The ALJ found that appellant had the requisite IQ score, but no other mental impairment "which would impose additional and significant work related limitation of function." R. Vol. II at 23. Appellant contends that his personality disorder is a significant additional limitation on his ability to work.
 
 
 6
 We review the Secretary's decision only to determine if the factual findings are supported by substantial evidence and if she applied the correct legal standards. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir.1995). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quotation and citation omitted). Evidence is not substantial if it is overwhelmed by other evidence or is mere conclusion. Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992). We may not reweigh the evidence or substitute our judgment for that of the Secretary. Kelley v. Chater, 62 F.3d 335, 337 (10th Cir.1995). Because the ALJ found that appellant had the requisite IQ score to meet Listed Impairment 12.05C, the only issue on appeal is whether the ALJ's finding that appellant's personality disorder did not impose an additional and significant work-related limitation of function is supported by substantial evidence and was made according to the correct legal standards.
 
 
 7
 It clearly was. In assessing the severity of appellant's personality disorder, the ALJ found that appellant suffered only "slight" restriction of daily activities; "slight" difficulties in maintaining social functioning; never suffered deficiencies in concentration, persistence or pace as a result of his personality disorder; and never had an episode of deterioration or decompensation in work or a work-like setting. See R. Vol. II at 36; 20 C.F.R. 416.920a(b)(3).
 
 
 8
 Appellant claims that the ALJ ignored uncontroverted evidence of "at least 4 major antisocial encounters with the police, [ ] lifelong difficulties in interpersonal relationships with a tendency to become very angry and [have] temper tantrums, and Dr. M[a]rrow's note of [appellant's] anxiety when he was questioned about his interpersonal relationships and police records." Appellant's Br. at 14. We reject this argument because the evidence with respect to appellant's personality disorder is conflicting, not uncontroverted. The ALJ thoroughly discussed the various conflicts in the evidence in his decision, e.g., R. Vol. II at 23-24, and arrived at conclusions--that appellant's one run-in with the police was an isolated incident and his personality disorder was slight--that are supported by substantial evidence. We would only belabor the point by repeating the ALJ's discussion here. The ALJ did not err in that discussion by failing to mention Dr. Marrow's opinion of appellant's mental condition. Dr. Marrow is a specialist in cardiology and pulmonary diseases, not a psychiatrist or psychologist, id. at 260, and his opinion on appellant's mental health is therefore not sufficiently probative to require discussion. See Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir.1984).
 
 
 9
 Appellant also argues that under 20 C.F.R. 416.920a(c)(1), one episode of deterioration or decompensation is enough to show as a matter of law that appellant's personality disorder is more than slight. We reject this argument because the ALJ found that appellant never had an episode of deterioration or decompensation in work or a work-like setting. See R. Vol. II at 36; see also 20 C.F.R. 416.920a(b)(3). Because the evidence shows that appellant's arrest for assault and battery followed a fight during an informal basketball game with a friend, R. Vol. II at 255-56, the ALJ's conclusion is supported by substantial evidence.
 
 
 10
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 ***
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3