UNITED STATES COURT OF APPEALS

**Filed 8/26/96**

FOR THE TENTH CIRCUIT

JANICE K. THRONEBERRY,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,*

     Defendant-Appellee.

No. 95-5215
(D.C. No. 93-C-657-W)
(N.D. Okla.)

ORDER AND JUDGMENT**

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Janice K. Throneberry appeals from an order of the district court that affirms the decision of the Secretary of Health and Human Services to deny her social security disability benefits. Plaintiff claims she has been disabled since January 15, 1990 due to fibromyalgia. Her insured status expired on September 30, 1991. The administrative law judge (ALJ) denied benefits at step five of the five-part sequential process for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five-step process). The ALJ determined that plaintiff retained the residual functional capacity to perform sedentary work except in a stressful job and, based on the testimony of a vocational expert, that there were jobs she could perform within these limitations. The ALJ therefore concluded that plaintiff was not disabled. The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary.

On appeal, plaintiff contends the ALJ: (1) improperly discounted the objective medical evidence demonstrating plaintiff cannot perform sedentary work; (2) improperly discounted plaintiff's allegations of disabling pain; (3)

failed to give proper weight to the opinion of plaintiff's treating physician that she is disabled; and (4) failed to properly evaluate plaintiff's nonexertional impairments.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 to review the Secretary's decision to determine only whether it is supported by substantial evidence and whether the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quotation and citation omitted). Evidence is not substantial if it is overwhelmed by other evidence or is mere conclusion. Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). We may not reweigh the evidence or substitute our judgment for that of the Secretary. Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

We have reviewed the briefs and the record on appeal, and are not persuaded by plaintiff's claims of error. The magistrate judge[1] adequately addressed all of plaintiff's arguments properly raised on appeal, and we affirm for substantially the same reasons as set forth in the magistrate judge's order filed on

---

[1] The parties consented to disposition of this case by the magistrate judge. See 28 U.S.C. § 636(c)(3).

-3-

August 15, 1995.  To the extent plaintiff elaborated on her arguments on appeal,

we point out that we do not consider arguments raised for the first time on appeal.

Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

     AFFIRMED.


                   Entered for the Court


                   James K. Logan
                   Circuit Judge