UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 10/21/96**

ODA L. LOVELACE,

Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner of
Social Security Administration,[*]

Defendant-Appellee.

No. 96-5002
(D.C. No. 94-CV-497)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296.  In the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Oda L. Lovelace appeals from an order of the district court affirming the final decision of the Secretary of Health and Human Services denying his application for social security disability and supplemental security income benefits. Claimant contends he is disabled due to back and shoulder problems, hypertension, and heart problems. In a decision that now stands as the final decision of the Secretary, the administrative law judge (ALJ) denied benefits at step five of the five-part sequential process for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The ALJ determined that claimant could not return to his past, medium work as a truck driver, but that he had the capacity to perform light work, limited by his inability to lift, reach or carry over his head. Relying on a vocational expert's testimony that there were sufficient light work jobs claimant could perform with this limitation, the ALJ determined that claimant was not disabled.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

Claimant raises three issues on appeal. Two of them--failure to properly consider claimant's subjective complaints and failure to obtain proper vocational testimony--were not presented to the district court, and we will not consider them on appeal. Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). The only issue preserved for review is claimant's contention that the ALJ failed to consider, or give adequate reasons for rejecting, the opinion of his treating physician.

Dr. Emil Milo, an orthopedic surgeon, began treating claimant in August 1991 for a back injury claimant suffered when he fell off a trailer. At that time, Dr. Milo performed a decompression lumbar laminectomy and diskectomy. Following the surgery, claimant gradually developed degenerative arthritis in the lower back, Appellant's App., Vol. II at 203, 207, but by February 1992, he felt better and returned to working as a truck driver. As a result, Dr. Milo released him to return to work, but strongly advised him to try lighter, easier work that would not further aggravate his back. Id. at 202, 207. In March 1992, claimant fell out of a tree, again aggravating his back. At this time, he also reported problems with his right shoulder, which Dr. Milo believed resulted from degenerative arthritis. Id. at 202. On March 25, 1992, Dr. Milo performed arthroscopic surgery on the shoulder, and found "tremendous synovial [arthritic] reaction throughout the shoulder joint" as well as multiple small loose bodies, which were removed. Id. at 202, 208. Post-surgery, Dr. Milo advised claimant that "this procedure would help him, however, [it] is not going to cure him. For that he needs to look into medication, rest and

3

gradual mobilization." Id. at 202. On follow-up examination in April, Dr. Milo noted

that "[i]t is apparent that he is in the chronic stage, especially with his right shoulder and

it will take him quite some time to recover." Id.

Following a visit on May 6, Dr. Milo noted that he had advised claimant that

"putting all problems together, [it] doesn't appear that he can do any kind of work, which

will eliminate any heavy lifting, any prolonged sedentary work and stress at work which

will raise his blood pressure." Id. at 201. On May 12, he wrote that

> Oda Lovelace is suffering from chronic back problems which require[d]
> surgery, a chronic right shoulder problem which also needed surgery, very
> poorly controlled severe hypertension, and chronic asthmatic bronchitis. He
> is on constant medication.
>
> In my opinion, he is totally permanently disabled for any kind of work in
> view of the above mentioned problems. Also, he should not lift any weight
> more than 10-15 lbs. on an indefinite basis.

Id. at 206. In a letter to the state rehabilitative services office dated June 2, Dr. Milo

stated that

> [a]s far as his work limitations, he should not be involved in any lifting or
> carrying of more than 30 lbs. weight. As far as his range of motion in the
> thoracolumbar spine, this is severely restricted due to discomfort and
> pain. . . .
>
> Several days ago he fell into a 60" deep ditch, reaggravating his back. He
> was hospitalized for several days, during which a myelogram was
> performed, not showing any further indication for a surgical procedure. He
> is obviously suffering from chronic back problem now and possibly
> arachnoiditis, as well [as] L5-S1 radiculopathy bilaterally, left worse than
> right.

4

> Currently, he is totally temporarily disabled for any kind of work and his permanent work limitations most probably will be approximately 30 lbs. weight to lift or carry.

Id. at 205.  On a workers' compensation form dated June 3, Dr. Milo described his recommended treatment of claimant as "back care instructions given, temporarily off work, permanent disability limitations," and indicated that claimant was temporarily totally disabled from May 22 "to present."  Id. at 204.  Dr. Milo did not give any indication of when he thought the period of total disability would end.

Claimant continued to complain of pain and stiffness, and Dr. Milo performed rotator cuff surgery on his right shoulder in late July.  On admission to the hospital for this surgery, which apparently had been delayed due to claimant's high blood pressure, id. at 200-01, Dr. Milo described claimant as having degenerative arthritis, synovitis and rotator cuff tear all in his right shoulder and hypertension.  Id. at 236.  The record contains some follow-up notes from Dr. Milo regarding this surgery, with the last one dated August 21, 1992.  Id. at 200.  Although the record contains evidence through June 1993 regarding treatment for claimant's other medical problems (including left heart catheterization and angioplasty, surgery on his left shoulder to relieve symptoms of impingement syndrome, and pain in the right groin area of uncertain origin), there is no subsequent medical evidence from Dr. Milo or any other physician treating claimant's back or right shoulder problems.  However, reports from other physicians indicate that

Dr. Milo may have been treating claimant for back problems as late as May or June 1993. See id. at 248, 291.

In his decision, the ALJ did not mention Dr. Milo's opinion that claimant was at least temporarily totally disabled. The ALJ seems to have relied on subsequent medical evidence, and possibly the absence of further complaints from claimant regarding his back and right shoulder, to conclude either that claimant had "recovered" from his temporary total disability or that his back and shoulder problems were not that severe in the first place. See id. at 31. However, it is uncertain whether the tests and examinations the other physicians performed would necessarily have assessed the problems Dr. Milo thought were disabling, and claimant may have given up seeking relief for these problems. In addition, as evidence that claimant could perform light work, the ALJ relied on Dr. Milo's statement that "claimant would be restricted to lifting no more than 30 pounds on a permanent basis," id., but Dr. Milo indicated he thought claimant would probably be able to lift 30 pounds only after the temporary total disability ended, id. at 205.

Generally, a treating physician's opinion must be given substantial weight unless the ALJ gives specific, legitimate reasons for disregarding it. Goatcher v. Unites States Dep't of Health & Human Services, 52 F.3d 288, 289-90 (10th Cir. 1995); Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987). This case presents the somewhat unusual situation in that, while claimant continued to seek medical treatment for various ailments after Dr.

6

Milo concluded he was at least temporarily totally disabled, claimant did not present further medical evidence of complaints regarding, or treatment for, his allegedly totally disabling back and right shoulder problems, even though there is indication he continued to see Dr. Milo. By the same token, there is no ALJ finding that claimant's condition had improved or that any period of temporary total disability had ended. In other words, the ALJ did not give specific, legitimate reasons for disregarding Dr. Milo's opinion.

We therefore conclude that we must remand this case for the ALJ's further consideration of Dr. Milo's opinion. We do not dictate any result. Our remand "simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case." Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir. 1988).

The judgment of the district court is REVERSED and the case is REMANDED to the district court with directions to remand, in turn, to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court

James E. Barrett
Senior Circuit Judge