**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 1 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JIMMIE H. CASTLE,

Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,[*]

Defendant-Appellee.

No. 96-5256
(D.C. No. 94-CV-1118-W)
(N.D. Oklahoma)

ORDER AND JUDGMENT[**]

Before EBEL, LOGAN, and MURPHY, Circuit Judges.

---

[*] Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. Pub. L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Jimmie H. Castle appeals from the judgment of the district court affirming the decision of the Secretary of Health and Human Services denying her social security disability benefits under Title II of the Social Security Act. She claims disability due to chronic arachnoiditis. The administrative law judge (ALJ) initially denied benefits at step four of the sequential process for determining disability, see 20 C.F.R. § 404.1520, and the Appeals Council denied plaintiff's request for review.

Plaintiff appealed and the district court adopted the magistrate judge's finding that substantial evidence supported the ALJ's determination that plaintiff's pain was not disabling and that the ALJ's analysis of whether plaintiff could return to her past job as a billing clerk was not clear. The district court thus remanded for a determination of whether plaintiff could return to her past relevant work or work elsewhere in the national economy. After a supplemental hearing the ALJ again found that plaintiff was not disabled at step four. The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary.

Plaintiff contends the ALJ erred because neither the assessment of her residual functional capacity nor the step four determination were supported by substantial

evidence. She contends that the ALJ failed (1) to perform a new credibility assessment after the supplemental hearing, (2) to demonstrate he properly considered the opinion of plaintiff's treating physician, and (3) to make a function-by-function comparison as required by law.

We review the Secretary's decision only to determine whether the findings are supported by substantial evidence and whether the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). In reviewing the Secretary's decision we do not reweigh the evidence or substitute our discretion for that of the Secretary, but we do have the duty to carefully consider the entire record and make a determination on the record as a whole. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

We have reviewed the briefs and the record on appeal and are satisfied that the plaintiff's claims of error have no merit. The magistrate judge[1] thoroughly addressed the issues raised on appeal, and we affirm for substantially the reasons stated in the magistrate judge's order of September 23, 1996. See I Appellant's App. 5-12.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge

---

[1] The parties consented to disposition by a magistrate judge. See 28 U.S.C. § 636(c)(3).