**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 8 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROY A. SMITH,

       Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

       Defendant-Appellee.

No. 97-5173
(D.C. No. 96-CV-481-M)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BARRETT**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this social security disability case, plaintiff Roy A. Smith appeals from an order of the magistrate judge[1] that remanded for an award of benefits for a period of disability from February 20, 1990 until October 3, 1991, but affirmed the Commissioner's decision to deny benefits after October 3, 1991. We are persuaded by plaintiff's claims that the administrative law judge (ALJ) improperly evaluated his allegations of pain and should have called a vocational expert instead of relying conclusively on the medical-vocational guidelines (the "grids") for his finding of nondisability. We therefore will remand for further proceedings at step five of the evaluation sequence so the ALJ can determine whether plaintiff remained disabled or became disabled after October 3, 1991.

Plaintiff was born on January 8, 1953, and has a high school equivalency diploma. He formerly worked as a construction laborer, but his back was injured on February 20, 1990, when a coworker fell, shifting the entire weight of a 300-pound concrete form onto him. Conservative treatment was ineffective and, on July 3, 1990, plaintiff underwent "very major" back surgery due to intractable pain caused by a protruding disk of the lumbar spine. Appellant's App. at 120.

---

[1] The parties consented to proceed before a magistrate judge for final disposition. See 28 U.S.C. § 636(c).

Plaintiff filed his claim for social security disability benefits on April 27, 1992, alleging that he became disabled on February 20, 1990, due to his back injury and pain. The ALJ denied plaintiff's claim at step five of the evaluation sequence. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The ALJ decided that plaintiff cannot return to any of his past work, but that he nevertheless retains the residual functional capacity (RFC) to perform a full range of sedentary work unlimited by significant pain. Based on that premise, the ALJ relied on the grids, which directed a conclusion that plaintiff is not disabled. See 20 C.F.R. pt. 404, subpt. P, app. 2, Rules 201.27 & 201.28. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

Plaintiff then brought this suit. The magistrate judge found plaintiff disabled from February 20, 1990, until October 3, 1991, the date by which both of his surgeons had released him from their care. He reversed the Commissioner's decision to deny benefits for that time period, but otherwise affirmed. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

On appeal, plaintiff argues that: (1) the ALJ improperly failed to apply the factors listed in Huston v. Bowen, 838 F.2d 1125, 1132 & n.7 (10th Cir. 1988), and both the ALJ and the magistrate judge failed to consider the findings from the consultative examination ordered by the Commissioner in evaluating the

-3-

credibility of his allegations of pain; and (2) the ALJ erred by failing to call a vocational expert to testify as to jobs plaintiff can perform based on his RFC. We review the Commissioner's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied.  See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995).  We may not reweigh the evidence or substitute our judgment for that of the agency.  See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

## Summary of the Medical Evidence

Plaintiff's back surgery was performed jointly by Dr. James A. Rodgers and Dr. John B. Vosburgh.  Dr. Rodgers, a neurosurgeon, performed a "lumbar partial hemilaminectomy and microdiscectomy L4-5 and L5-S1, right."  Appellant's App. at 103; see also id. at 87-89.  Dr. Vosburgh, an orthopedic surgeon, followed that procedure with a "posterolateral fusion from L4 through the sacrum harvesting bone from both iliac crests."  Id. at 103; see also id. at 90.  Dr. Rodgers released plaintiff from his care on February 6, 1991, expressing the opinion that plaintiff should be retrained "for more sedentary type work," with instructions to "avoid excessive bending, lifting or stooping and tak[e] precautions at all times with respect to his back,"  See id. at 97-98.  He reported that plaintiff was still wearing a back brace, but was not experiencing radicular pain, bowel or bladder

dysfunction, or loss of sensation in either foot.  See id. at 97.  Dr. Vosburgh

released plaintiff from his care on October 3, 1991, to "seek out work that does

not require frequent bending, stooping or lifting, no lifting over 25 pounds and

. . . that would permit him to sit approximately 50 percent of his work day."  See

id. at 117-18.  He reported that plaintiff was weaning himself off his back brace,

and had experienced excellent relief from his symptoms.  See id. at 117.  He rated

plaintiff as having suffered "a 31 percent permanent partial impairment to his

body."  Id.

Plaintiff testified that he could not afford additional treatment after he

was released by his surgeons, which the ALJ noted as "for personal reasons."  Id.

at 168-69.  He was examined by Dr. Michael D. Farrar on September 23, 1991, in

connection with his worker's compensation claim.  Dr. Farrar, an osteopath in

general practice, expressed the opinion that plaintiff is totally and permanently

disabled in light of his back injury and surgery, due to lost range of motion,

constant burning pain, and degeneration of the nervous system.  See id. at 112-16.

He noted that plaintiff walked with a normal gait without assistance, but observed

that his right leg had lost strength and gave him pain.  Dr. Farrar noted decreased

ranges of motion in plaintiff's lumbar spine and hips.  He noted plaintiff's

complaints that he still needed his back brace, could not sit for a long time, could

not stand for longer than thirty minutes at a time, and could not bend, stoop, or twist at all.  See id. at 113.

Plaintiff was also examined twice in 1994 in connection with this disability claim.  On March 7, 1994, he was examined by Dr. Glenn W. Cosby at the ALJ's request.  Dr. Cosby, a family practitioner and gynecologist, did not express an opinion as to whether plaintiff is able to work.  See id. at 141-47.  Dr. Cosby noted, however, that plaintiff said he still wore his back brace from time to time; that he said he could not walk more than three blocks at a time, sit for more than thirty minutes, stand for more than fifteen or twenty minutes, or drive for more than ten or fifteen minutes; and that he had developed generalized joint pain and swelling and stiffness in his hands.  See id. at 141-42.  Upon examination, Dr. Cosby reported that plaintiff's lumbar spine, hands, and all of his joints were tender; that his shoulders moved through a "full range of motion with marked pain"; that plaintiff expressed "considerable pain after sitting for a few minutes"; and that straight leg raising was "very positive on the right" and caused low back pain without radiation on the left.  Id. at 143-44.  Dr. Cosby also reported that plaintiff's range of motion was limited in the lumbar spine and right foot.  See id. Dr. Cosby further reported that plaintiff walked safely without assistance but had a noticeable limp favoring the right foot, which was tender.  See id. at 144.

On November 29, 1994, plaintiff was examined by Dr. Jim Martin at the request of his attorney. Dr. Martin, a family practitioner, expressed the opinion that plaintiff is totally disabled due to the results of his back injury, the onset of osteoarthritis, and pain. See id. at 150-53. He noted that plaintiff said he still experienced severe pain in his back with sharp, burning pain, numbness and tingling radiating into his right hip and leg; that he could not sit for more than fifteen to twenty minutes without severe pain; that he was never pain-free; and that his right leg sometimes gives way. See id. at 150-51. Dr. Martin also noted that plaintiff complained of bladder and bowel dysfunction; and severe pain and stiffness in his shoulders, hands, wrists, and knees. See id. at 151. Upon examination, Dr. Martin reported that plaintiff appeared to be "in acute distress, even while sitting for short periods of time." Id. at 152. He also observed that the range of motion of plaintiff's back was limited, that straight leg raising was positive, that plaintiff had trouble getting on and off the examining table, and that plaintiff walked with a slight limp favoring the right foot. See id. Dr. Martin further reported that plaintiff had lost the middle toe of his right foot and had suffered nerve damage as the result of a gunshot wound when he served in the Navy many years earlier. See id. at 151-52.

## Discussion

## I. Credibility of Plaintiff's Allegations of Pain

At step five, "the burden shifts to the [Commissioner] to show that the claimant retains the residual functional capacity (RFC) to do other work that exists in the national economy." Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citing Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991) and 42 U.S.C. § 423(d)(2)(A)). The ALJ found that plaintiff can perform the full range of sedentary work unlimited by significant pain. He reasoned that plaintiff had received corrective back surgery, had not sought treatment after he was released by his surgeons, did not take prescription pain medication, and did not require assistance to walk. The ALJ also noted that plaintiff's surgeons reported that he achieved significant relief from his symptoms by having surgery.

We do not believe the evidence supports the ALJ's broad conclusion that plaintiff has no significant pain. The opinions of plaintiff's surgeons that he gained relief from his back pain through surgery constitute substantial evidence sufficient to counter Dr. Farrar's contemporaneous opinion that plaintiff was disabled by his back injury and pain in 1991. They are not sufficient, however, to counter the opinions of both Dr. Cosby and Dr. Martin that plaintiff was experiencing significant pain in 1994. Opinions from 1991 simply do not speak to plaintiff's condition in more recent years.

In addition, the ALJ assessed plaintiff's allegations of pain relying, in part, on plaintiff's failure to seek treatment after his surgeons released him, and also noting that there was no medical evidence to support some of plaintiff's later complaints. On the first point, plaintiff claimed that he could not afford additional treatment after his surgery. It was error for the ALJ not to consider this assertion, because inability to pay may justify a claimant's failure to seek treatment. See Thompson, 987 F.2d at 1489-90. On the second point, it is the ALJ's duty to fully develop the record, even when the claimant is represented by counsel, as in this case. See id. at 1492. For this reason, and also because the ALJ has the burden at step five, it was his obligation to exercise his considerable discretion to obtain additional medical evidence if he believed it was needed to evaluate plaintiff's claimed disability. See Hawkins v. Chater, 113 F.3d 1162, 1166-67 & n.5 (10th Cir. 1997). The medical evidence from 1994 indicates that plaintiff was suffering serious problems--with his back, hip, and right leg; with an old gunshot wound to his right foot; and with his joints. Drs. Cosby and Martin both appear to have believed plaintiff's complaints of pain and other problems. There is no suggestion in their reports that either doctor felt that plaintiff was exaggerating symptoms, let alone manufacturing them. In fact, Dr. Martin believed that plaintiff had developed arthritis. See Appellant's App. at 153. All of the 1994 medical evidence indicates that plaintiff is significantly impaired by

pain in his ability to sit, stand, and walk, and therefore in his ability to perform the full range of sedentary work.

Finally, we have repeatedly held that a number of factors should be considered when addressing a claimant's allegations of pain. See, e.g., Thompson, 987 F.2d at 1489 (citing Hargis, 945 F.2d at 1489, and Huston, 838 F.2d at 1132 & n.7). While the ALJ summarily listed some of the factors we have held should ordinarily be considered, he did not link the evidence to these factors except in conclusory fashion. This is not sufficient.

> The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."

S.S.R. 96-7p, 1996 WL 374186, at *2.

## II. Need for Vocational Testimony

The ALJ also erred by not calling a vocational expert. Sedentary work primarily involves sitting, but also includes some standing and walking, and lifting up to ten pounds at a time. See id. (citing 20 C.F.R. § 404.1567(a)). "[P]eriods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." S.S.R. 83-10, 1983 WL 31251, at *5.

Although the ALJ purported to rely on the opinions of plaintiff's surgeons that he can perform sedentary work, the ALJ ignored Dr. Vosburgh's recommendation that plaintiff sit approximately half of the day. Dr. Vosburgh did not state whether he believed that plaintiff could sit for three-fourths of his day, as the regulatory definition of sedentary work requires. Therefore, Dr. Vosburgh's opinion does not constitute substantial evidence to support the ALJ's finding that plaintiff can do the full range of sedentary work. And, although Dr. Rodgers recommended that plaintiff look for "more sedentary type work," Appellant's App. at 97-98, his opinion is not related to the regulatory definition of sedentary work, and therefore does not constitute substantial evidence to support the ALJ's conclusion. Moreover, the 1994 reports of Drs. Cosby and Martin indicate that even if plaintiff could perform the full range of sedentary work in 1991, his symptoms worsened and his capacities for sitting, standing, and walking were all compromised by 1994. There is no evidence to contradict these 1994 reports. As a result, there is no substantial evidence to support the ALJ's broad conclusion that plaintiff has been able to perform the full range of sedentary work over the time period under review. The ALJ's conclusive reliance on the grids was error.

Conclusion

To summarize our conclusions, plaintiff is entitled to a closed period of disability from February 20, 1990, until October 3, 1991. On remand, the ALJ should determine whether he was disabled after October 3, 1991, and, if so, when he became disabled.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMANDED with directions for the district court to remand to the agency for further proceedings in accordance with this order and judgment.

Entered for the Court

Robert H. Henry
Circuit Judge