Mary GOATCHER, Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Donna Shalala, Secretary, Defendant–Appellee.

No. 94–6108.

United States Court of Appeals, Tenth Circuit.

April 4, 1995.

Submitted on the briefs:

Mitchell Gray, Oklahoma City, OK, for plaintiff-appellant.

Vicki Miles–LaGrange, U.S. Atty., Debra A. Woods, Asst. U.S. Atty., Oklahoma City, OK, and Gayla Fuller, Chief Counsel, Region VI, Charlene M. Seifert, Acting Chief, Social Sec. Branch, and Rodney A. Johnson, Lead Atty., Office of the Gen. Counsel, U.S. Dept. of H.H.S., Dallas, TX, for defendant-appellee.

Before KELLY and SETH, Circuit Judges, and KANE,* District Judge.

KANE, Senior District Judge.

Plaintiff Mary Goatcher appeals from the denial of social security disability benefits at step five of the five-part sequential evaluation process. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.[1]

As an initial matter, we note that in social security disability cases, where the court "has the duty to meticulously examine the record and ... determin[e] on the record as a whole," *Dollar v. Bowen*, 821 F.2d 530, 532 (10th Cir.1987), "only whether [the Secretary's factual findings] are supported by substantial evidence and whether the Secretary applied correct legal standards," *Hargis v. Sullivan*, 945 F.2d 1482, 1486 (10th Cir.1991), the entire administrative record is a necessary part of appellant's record on appeal. Because this area of law is fact-specific and our standard of review is deferential to the Secretary, the complete administrative record is required whether appellant argues that the findings are not supported by substantial evidence or that incorrect legal standards were applied. Appellant initially included only excerpts of the administrative

record, but has since completed the record. Thus, we proceed to the merits.

Appellant claims she is disabled due to a back injury suffered in March 1987. After her second hearing, at which a vocational expert (VE) testified, the administrative law judge (ALJ) determined that, although appellant cannot return to her past work and is limited in her capacity to sit, stand, bend, and stoop, she possesses transferable and highly marketable skills that would allow her to do other work in the economy. Appellant raises two issues on appeal: (1) the ALJ improperly assessed her vocational skills; and (2) the ALJ improperly disregarded the opinion of her treating physician, Dr. Griffith C. Miller, that she is disabled.

■ Appellant argues that the VE's testimony is not substantial evidence upon which the ALJ's decision can properly be based. We do not agree. The VE testified that appellant, while working for TG & Y, acquired certain clerical skills that are transferable and highly marketable, and that, possessing these skills, there are jobs which appellant can perform even with the limitations on sitting, standing, bending, and stooping that the ALJ accepted as true. Although appellant did not testify at the hearing about the clerical skills—auditing cash reports, invoicing, and the like—that she acquired while working for TG & Y, she did disclose them in her vocational report. R. at 167–72 (ex. 10). Thus, the VE's testimony was based on evidence of record, and it constitutes substantial evidence to support the ALJ's decision.

■ Nevertheless, we reverse and remand because the ALJ failed to apply the correct legal standards in weighing the opinion of appellant's treating physician, Dr. Griffith C. Miller, that she is permanently and totally disabled, against other medical evidence to the contrary.[2] A treating physi-

---

*.Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Appellant's counsel did not point out where this argument was raised and ruled on in the lower court, as required by 10th Cir. R. 28.2(c). It appears from the magistrate judge's decision that appellant did not raise this argument below. Despite our general rule against reversing a judgment based on an issue raised for the first time on appeal, however, we are considering this issue because it is a question of law, its resolution

cian's opinion must be given substantial weight unless good cause is shown to disregard it. *Frey v. Bowen,* 816 F.2d 508, 513 (10th Cir.1987). When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports "to see if [they] 'outweigh[ ]' the treating physician's report, not the other way around." *Reyes v. Bowen,* 845 F.2d 242, 245 (10th Cir.1988). The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled. *Frey,* 816 F.2d at 513. In addition, the ALJ must consider the following specific factors to determine what weight to give any medical opinion: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d)(2)–(6).

In this case, appellant has two treating physicians—Dr. Miller, a general practitioner, and Dr. Don F. Rhinehart, a neurologist to whom appellant was referred by Dr. Miller. After conservative therapy failed, Dr. Rhinehart performed surgery on appellant's back on May 12, 1987. He released her from his care on August 13, 1987, stating without explanation or medical support that she had a "6% permanent impairment to the body as a whole status post laminectomy." R. at 229 (ex. 23). After follow-up examinations, Dr. Miller formed the opinion that appellant is permanently disabled due to decreased range of motion, left leg weakness, and pain remaining after her surgery. *Id.* at 235–37 (ex. 26); *see also id.* at 270 (ex. 42); *id.* at 274 (ex. 43).

The ALJ also considered the additional opinions, ordered by the agency, of two ex-amining physicians, both neurologists, Drs. Sherman B. Lawton and James E. Duncan. Dr. Lawton found no physical evidence of radiculopathy and suggested no limitations on appellant's activities. *Id.* at 256–57 (ex. 36). Dr. Duncan also saw no physical evidence of radiculopathy and recommended restricting only heavy lifting and repetitive bending or stooping. *Id.* at 287–88 (ex. 47). The ALJ concluded that the examining physicians' reports were not inconsistent with Dr. Rhinehart's report and that, since Dr. Rhinehart was a specialist, Dr. Miller's opinion could properly be disregarded.

We believe the ALJ improperly weighed Dr. Miller's opinion that appellant is disabled, and his reasons for disregarding it are not legitimate. Although the ALJ thoroughly considered the examining physicians' opinions under the above regulation, he gave short shrift to Dr. Miller's opinion. He briefly mentioned Dr. Miller's notes in exhibits 42, 43, and 44, but did not mention Dr. Miller's reports in exhibits 24, 25, 26, 27, and 28, *id.* at 230–32, 233–34, 235–37, 238–41, 242, which include medical findings. The ALJ did not give Dr. Miller's reports the detailed and specific review that the agency's own regulation requires. In addition, the ALJ improperly relied on Dr. Rhinehart's opinion that appellant has a six percent impairment to support his finding that appellant can work. Dr. Rhinehart's opinion is not only brief, conclusory, and unsupported by medical findings, *see Frey,* 816 F.2d at 513; it is not even clear what he meant. His opinion therefore does not constitute substantial evidence that appellant can work. We remand for reconsideration of the medical evidence under the appropriate legal standard.

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED for additional proceedings consistent with this opinion.

is beyond reasonable doubt (in spite of an incomplete administrative record), and our failure to consider it would result in a miscarriage of jus-

tice. *See Petrini v. Howard,* 918 F.2d 1482, 1483 n. 4 (10th Cir.1990).