64 F.3d 670
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shirley J. WEAVER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-6010.
(D.C.No. CIV-93-1000-L)
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1995.
 
 Before MOORE, SETH, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Shirley J. Weaver appeals from an order of the district court that affirmed the Secretary's decision that appellant was not entitled to social security disability benefits because she was not disabled before her insured status expired. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 3
 Appellant initially provided only brief excerpts of the administrative record. While these excerpts included evidence that appellant is disabled now (which the Secretary has also conceded), they were inadequate for us to review the Secretary's decision that appellant was not disabled between 1974, the last year in which she worked full time, and September 30, 1979, the date on which her insured status expired.
 
 
 4
 [I]n social security disability cases, where the court "has the duty to meticulously examine the record and ... determin[e] on the record as a whole," Dollar v. Bowen, 821 F.2d 530, 532 (10th Cir.1987), "only whether [the Secretary's factual findings] are supported by substantial evidence and whether the Secretary applied correct legal standards," Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991), the entire administrative record is a necessary part of appellant's record on appeal. Because this area of law is fact-specific and our standard of review is deferential to the Secretary, the complete administrative record is required whether appellant argues that the findings are not supported by substantial evidence or that incorrect legal standards were applied.
 
 
 5
 Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir.1995). We therefore ordered appellant to file the complete administrative record.
 
 
 6
 Based upon our review, we hold that there is substantial evidence to support the Secretary's decision that plaintiff was not disabled before her insured status expired.
 
 
 7
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470