69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Idalene LEDBETTER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-6448.
(D.C.No. CIV-93-1842-T).
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1995.
 
 Before KELLY, SETH, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 PAUL J. KELLEY, Jr., Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Idalene Ledbetter filed an application for social security benefits on February 10, 1992, alleging a disability beginning on November 1, 1983, due to impairments in her back and left leg. Her insured status expired on December 31, 1988. After a hearing, the administrative law judge (ALJ) concluded at step four of the five-part sequential evaluation process that appellant was capable of performing light work and, therefore, could return to her past relevant work. Because the Appeals Council denied review, the ALJ's decision became the Secretary's final decision. Appellant appeals from the district court's order affirming the Secretary's decision to deny her disability benefits. We have jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291, and we affirm.
 
 
 3
 We review the ALJ's decision only to determine whether his factual findings are supported by substantial evidence and whether he applied the correct legal standards. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir.1995). On appeal, appellant argues only that the ALJ incorrectly stated that she did not take pain medication before 1991 and, on this mistaken basis, improperly discredited her testimony that she suffers disabling pain.
 
 
 4
 We are not persuaded by appellant's claim of error. At step four, appellant bears the burden to establish that she cannot return to her past relevant work. See Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir.1993). She points out evidence showing that Tolectin was prescribed in 1981. R. Vol. II at 145. However, her doctor's notes indicate that she was to be reevaluated if this medication was ineffective, id., and there is no further evidence on this point either way. As correctly noted in the magistrate judge's report and recommendation, there is a lack of relevant medical evidence for the period from 1983 through 1988. Evidence that appellant took pain medication after her insured status expired is not relevant. We conclude there is substantial evidence to support the ALJ's decision that appellant is not disabled by pain.
 
 
 5
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470