**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 11 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND LARRY, JR.,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-7086
(D.C. No. CV-97-215-B)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Raymond Larry, Jr. appeals from the denial of social security disability and supplemental security income (SSI) benefits. He argues that the administrative law judge (ALJ) erred: (1) by finding at step four that he could perform the full range of sedentary work, limited only by the need to alternate sitting and standing, without also considering his claimed manipulative impairment; and (2) by not ordering a consultative examination at step five to fully develop the record regarding the nature and severity of his impairments. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

Plaintiff was born on December 25, 1958, and was thirty-seven years old at the time of the ALJ's decision. He has a high school education. His past work includes owning and operating a café, destroying rejected ammunition, and working in a stockyard. He filed his claim for disability and SSI benefits on September 16, 1994, alleging that he became disabled on July 30, 1994, due to the residual effects of being shot six times. His alleged impairments include bullets remaining in his body; surgical staples still in his abdomen; pain, aching, and stinging in his legs; headaches; and problems reaching and using his fingers. He was shot on July 30, 1994, spent three months in the hospital, and was last seen by his doctor on November 30, 1994. He has not consulted any doctor since then. He testified that he could not afford medical treatment, and that every time he

went to his doctor's office, the staff asked him when he would be able to pay something on his large outstanding bill.

The ALJ decided plaintiff's claim at step five of the evaluation sequence. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). At step four, the ALJ determined that plaintiff could not return to any of his past jobs. He found that plaintiff nevertheless retained the residual functional capacity (RFC) to perform the full range of sedentary work, limited only by the need to alternate sitting and standing. At step five, the ALJ found that plaintiff had a high school education, no transferable skills, and was a younger individual. Based on these findings, the ALJ used Rules 201.27, 201.28, and 201.29 of the medical-vocational guidelines (the "grids"), 20 C.F.R. pt. 404, subpt. P, app. 2, as a framework for a decision that plaintiff is not disabled. A vocational expert identified approximately thirty unskilled sedentary jobs that plaintiff can perform with the limitations the ALJ found him to have. The ALJ therefore concluded that plaintiff is not disabled. The Appeals Council denied review, making the ALJ's decision the final agency decision. Plaintiff then brought this suit. The district court adopted the magistrate judge's recommendation that the agency's decision be upheld.

We review the agency's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct

legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs. , 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. See Kelley v. Chater , 62 F.3d 335, 337 (10th Cir. 1995).

Because plaintiff demonstrated that he could not return to any of his past work, the ALJ had the burden "to show that the claimant retain[ed] the . . . RFC to do other work that exists in the national economy." Thompson v. Sullivan , 987 F.2d 1482, 1487 (10th Cir. 1993). Plaintiff argues that the ALJ erred by impliedly finding at step four that he could perform the manipulative demands of sedentary work. Plaintiff alleges a manipulative impairment due to atrophy and partial loss of use of his fingers after being shot in his left arm. The ALJ found that plaintiff "has severe residuals of multiple gun shot wounds to the abdomen, neck and left arm," but made no specific finding as to whether plaintiff has a significant manipulative impairment. Appellant's App., Vol. II, at 10. This was error.

The agency acknowledges that "[m]ost unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity." Social Security Ruling 96-9p, 1996 WL 374185, at *8. Thus, "[a]ny significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary

occupational base." Id. For this reason, a manipulative impairment would matter greatly to plaintiff's claim.

The ALJ is also required to assess the claimant's "work-related abilities on a function-by-function basis." Social Security Ruling 96-8p, 1996 WL 374184, at *1 (citing 20 C.F.R. §§ 404.1545(b), 416.945(b)); see also Social Security Ruling 96-9p, 1996 WL 374185, at *2. The ALJ is bound by the agency's rulings. See 20 C.F.R. § 402.35(b)(1). In light of the evidence of a gunshot injury to plaintiff's arm, which the ALJ expressly found to be true, the ALJ was required to assess whether plaintiff suffered a manipulative impairment as a result. See id. On remand, the ALJ must make a specific finding on this point. If the ALJ determines that the medical evidence is inconclusive, he should exercise his discretionary power to order a consultative examination. See Thompson, 987 F.2d at 1491.

Plaintiff also argues that the ALJ should have ordered a consultative examination at step five to fully develop the record concerning all of his impairments. Because we remand the case for legal error in the assessment of plaintiff's RFC at step four, we remand this step five issue as well.

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED and the case is REMANDED with directions to remand to the agency for additional proceedings.

Entered for the Court


Stephen H. Anderson
Circuit Judge