**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LEONARD E. BURLAND,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-7113
(D.C. No. CV-97-300-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT   *

---

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Leonard E. Burland appeals from the denial of social security disability and supplemental security income benefits. He argues that: (1) the findings of the administrative law judge (ALJ) concerning his residual functional capacity (RFC) are inconsistent with the ALJ's discussion of the evidence, are insufficiently specific to permit review, and are not based on a proper consideration of the evidence of his mental impairment; (2) the ALJ failed to use the medical-vocational guidelines (the "grids") as a framework for decisionmaking at step five; (3) the ALJ's step-five findings were based on vocational testimony elicited by an improper hypothetical; and (4) the district court failed to address the actual issues raised.

Plaintiff was born on November 8, 1948, and has a seventh-grade education. His insured status expired on June 30, 1996, when he was forty-seven years old. His past jobs included unskilled sedentary, light, and heavy jobs of: oil field laborer, janitor, and security guard. He alleges that he became disabled on July 15, 1991, due to the residuals of diabetes, arthritis, a leg fracture, high blood pressure, and anxiety.

The ALJ decided the claim alternatively at steps four and five of the evaluation sequence. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing the five steps). At step four, he found that plaintiff was capable only of sedentary work with a sit/stand option, and therefore could

-2-

not return to his past, heavy work as an oil field laborer. He decided that plaintiff could return to his past work as a security guard, however, as it is performed at the sedentary level. In addition, the ALJ determined at step five that there are numerous other jobs that plaintiff can perform with the limitations the ALJ found him to have. The Appeals Council denied review, making the ALJ's decision the final agency decision. Plaintiff then filed this suit. In the district court, the government conceded that plaintiff's work as a security guard was too far in the past to be relevant to these proceedings. Based on the recommendation of the magistrate judge, the district court affirmed the ALJ's finding of nondisability at step five.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the agency's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

Because the government conceded that the ALJ erred at step four, plaintiff challenges only the ALJ's step-five determination in this appeal. He first argues that the ALJ's findings concerning his RFC are inconsistent with the ALJ's

discussion of the evidence, are insufficiently specific to permit review, and are not based on a proper consideration of the evidence of his mental impairment.

We agree that the ALJ's finding that plaintiff is capable of lifting twenty pounds, see Appellant's App., Vol. II at 17, 18 (finding 5), is somewhat inconsistent with the finding that plaintiff is limited to sedentary work, see id. at 17, which requires lifting no more than ten pounds, see 20 C.F.R. §§ 404.1567(a), 416.967(a). However, if plaintiff can lift twenty pounds, he can manage the lifting requirements of sedentary work, and the ALJ was otherwise consistent in his view that plaintiff is capable only of sedentary work. The ALJ's decision is sufficiently specific to be reviewable on this basis. Moreover, the ALJ's finding that plaintiff's anxiety is not a significant nonexertional impairment is supported by substantial evidence. Although the ALJ might have been more careful in articulating his decision, we find no reversible error on these points.

Next, plaintiff argues that the ALJ improperly failed to use § 201.00(h) in the grids, 20 C.F.R. pt. 404, subpt. P, app. 2, as a framework for decisionmaking at step five. This argument is plainly without merit. Section 201.00(h) states that a claimant who is a younger individual as defined in the regulations, who is restricted to unskilled, sedentary work, who cannot return to his past relevant work, and who is illiterate or unable to communicate in English, is presumptively

disabled.  Because there is no evidence that plaintiff is illiterate or unable to communicate in English, however, § 201.00(h) has absolutely no application to plaintiff's claim.  Rather, Rule 201.18 of the grids provides a framework for a decision that plaintiff is    not disabled.

Third, plaintiff argues that the ALJ's step-five findings were based on vocational testimony elicited by an improper hypothetical.  Although it is true that the ALJ failed to include plaintiff's need to alternate sitting and standing in his hypothetical questions, plaintiff's counsel made up for this failing.  Further, plaintiff's counsel used plaintiff's own testimony as to his ability to sit and stand in his hypothetical question.  There is no reason to believe that the ALJ would have found plaintiff to be more restricted than he testified he was, so there is no reason to remand for the ALJ to make a specific finding on this point.  The vocational expert testified in response to plaintiff's counsel's hypothetical question that an individual could perform thirty different jobs with the sitting and standing restrictions plaintiff's counsel presented.  The vocational testimony therefore supports the ALJ's finding at step five that plaintiff is not disabled.

Finally, plaintiff argues that the district court failed to address the actual issues raised.  For the reasons explained above, this argument is without merit.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge