**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KATHLEEN WAYMIRE,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-3336
(D.C. No. 97-CV-4081-SAC)
(D. Kan.)

---

ORDER AND JUDGMENT *

---

Before **BRORBY** , **EBEL** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Kathleen Waymire appeals from the denial of social security disability benefits. She argues that: (1) the administrative law judge (ALJ) improperly found that her mental impairment did not significantly affect her ability to work, and failed to compare her correct residual functional capacity (RFC) with the demands of her past relevant work on the record, as required by Social Security Ruling 82-62; and (2) the ALJ presented an imprecise, and therefore improper, hypothetical question to the vocational expert, based on his failure to give the required weight to the opinion of her treating psychologist that she could not be employed full-time due to her physical and emotional problems.

Plaintiff was born on September 29, 1949. She filed a claim for disability benefits on August 31, 1994, alleging that she has been disabled since July 15, 1985, due to the symptoms of systemic lupus erythematosus. Her claim was denied initially and upon reconsideration. After a hearing, the ALJ determined that plaintiff could return to her past work as a dental assistant/bookkeeper. The ALJ therefore denied benefits at step four of the evaluation sequence. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The Appeals Council affirmed the ALJ's decision. Plaintiff then filed this suit. The district court affirmed the ALJ's finding of nondisability at step four.

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the agency's decision on the whole record to determine only whether the

factual findings are supported by substantial evidence and the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

We conclude that plaintiff's assertions of error are without merit. The ALJ did not err by finding that plaintiff's claimed mental impairment does not significantly impair her ability to work. He gave adequate reasons for rejecting her psychologist's opinion that her psychological problems would interfere with her ability to work. He quoted at length from the medical evidence, and observed that the psychologist's opinion about plaintiff's mental condition was predicated on the psychologist's view that plaintiff's physical symptoms were severe, while plaintiff's medical doctors characterized her physical symptoms as "minimal and nonspecific," "borderline," "never . . . severe," and "[possibly] isolated . . ., but certainly . . . not . . . serious." II Appellant's App. at 18-19 (ALJ's decision) (quotation and citation to medical exhibits omitted). The ALJ's step-four findings are sufficient under Social Security Ruling 82-62, as that ruling is explained in Winfrey v. Chater, 92 F.3d 1017, 1023-25 (10th Cir. 1996).

Plaintiff's second issue is also without merit. The ALJ is required to include a claimed impairment in his hypothetical questions only if he finds it to

be supported by the evidentiary record.     See Evans v. Chater , 55 F.3d 530, 532

(10th Cir. 1995).  The ALJ gave adequate reasons for rejecting the psychologist's

opinion that plaintiff was disabled by her physical and emotional problems.

Therefore, the ALJ did not err by omitting this claimed impairment from his

hypothetical questions.

     AFFIRMED.


                Entered for the Court


                David M. Ebel
                Circuit Judge