**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL G. LEEPER,

　　　　　Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

　　　　　Defendant-Appellee.

No. 99-6216
(D.C. No. 98-CV-1040)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

　　　After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*　　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Michael G. Leeper appeals from the denial of social security disability benefits. The claim was decided at step five. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The administrative law judge (ALJ) decided in March 1997 that claimant retained the residual functional capacity (RFC) to do a full range of light work and was therefore not disabled under Rule 202.18 of the medical-vocational guidelines (the "grids"), 20 C.F.R. pt. 404, subpt. P, app. 2. Claimant argues that the ALJ's reliance on RFC assessments from 1995 was improper for the time period after July 1996 because claimant suffered a herniated disk in his back then which resulted in surgery. Claimant maintains that the ALJ incorrectly implied that claimant's 1996 injury and surgery had no effect on his RFC, instead of determining based on substantial evidence the effect of claimant's 1996 injury and surgery on his RFC.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the agency's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995). In light of the record, we affirm in part and reverse in part and remand the case for additional proceedings.

Claimant was born in August 1953 and has a ninth grade education. He formerly worked construction, mainly doing flooring--carpet and tile. See Appellant's App., Vol. II at 85. He sustained a herniated disk in his neck at C7 in April 1992 when his helper dropped the other end of a sofa bed they were lifting on a job. See id. at 70, 104, 113, 147, 165, 192. He had surgery in May 1992--an anterior cervical diskectomy and fusion. See id. at 81, 104, 108-09, 113-15, 135-36, 139-40, 192. He also had surgery for a carpal tunnel problem in his left arm in November 1992. See id. at 119-22, 137-38, 147. Claimant filed his claim for disability benefits in January 1995, alleging that he became disabled in April 1992 due to residuals from his back and arm problems.

Claimant worked for two weeks in Ardmore, Oklahoma, in 1994 but stopped because of pain in his neck and in his left shoulder, arm, and hand. See id. at 192. He also went to Wake Island in an attempt to return to general construction work for a couple of months in mid-1996 because his food stamps were about to be cut off. See id. at 190-91. He returned to the mainland when he suffered a herniated disk in his lower back at L5-S1 in an on-the-job injury. See id. at 184, 190. In December 1996, after waiting several months for approval from his insurance company, claimant was admitted to the hospital overnight for another surgery--a hemilaminotomy, diskectomy, and neural foraminotomy. See id. at 184. Claimant submitted the discharge summary from this surgery to the

ALJ. In it, claimant's surgeon reported that claimant tolerated the procedure well and that the surgery had reduced his left leg pain, but that he still complained of numbness in his left foot. Claimant "was able to ambulate, eat, and void without any difficulty," and was sent home with Percocet for pain and Flexeril for muscle spasms, a back postoperative instruction card, and instructions to return for a check-up in three weeks. Id. In January 1997, claimant reported that he was taking Clonodine daily for high blood pressure, hydrocodone as needed for back pain, and Aleve, Tylenol PM, and Medi-sleep for pain and sleeplessness. See id. at 183. We note that Percocet (oxycodone) and hydrocodone (in its various preparations) are narcotic pain medications. See, e.g. , Physician's Desk Reference at 974, 984, 1486 (53d ed. 1999).

The administrative hearing was held in February 1997, after claimant's 1996 back surgery but while he was still in follow-up. See id. at 12, 193-94. Claimant testified that he still experienced numbness in his left hip, left leg, and left foot following his back surgery, and that he was in the middle of a course of physical therapy ordered by his surgeon. See id. at 193-94. He said that the physical therapy had not helped. See id. He also said that his doctor believed that he may have sustained permanent nerve damage during the five months he had to wait for his insurance company to approve the surgery. See id. at 194.

-4-

The ALJ issued his decision denying benefits on March 10, 1997. See id. at 16. Claimant concedes that the denial is supported by substantial evidence up to the date of his July 1996 back injury, based on the July 1995 opinion of an examining physician that claimant could perform "moderate to light work" at that time, id. at 173. Claimant contends that the ALJ's decision is otherwise inadequately supported. We agree.

"It is axiomatic that all of the ALJ's required findings must be supported by substantial evidence." Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999) (citing 42 U.S.C. § 405(g)). As noted above, the ALJ decided that claimant was not disabled under Rule 202.18 of the grids. See Appellant's App., Vol. II at 14, 15, 16. The grids rules are based on impairments that impact an individual's ability to meet the strength requirements of jobs. See 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e). "If an individual's specific profile is not listed with [the grids], a conclusion of disabled or not disabled is not directed." 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(d). For this reason, "[a]utomatic application of the grids is appropriate only when a claimant's RFC, age, work experience, and education precisely match a grid category." Gossett v. Bowen, 862 F.2d 802, 806 (10th Cir. 1988).

The presence of a nonexertional impairment may preclude reliance on the grids. See Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993). Pain

and numbness are sensory impairments and therefore fall within the regulatory description of nonexertional impairments. See 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e). Claimant's allegation of pain and numbness in his left hip, leg, and foot reasonably could affect his ability to perform the full range of light work, which requires "'a good deal of walking or standing, or . . . involves sitting most of the time with some pushing and pulling of arm or leg controls.'" See Thompson, 987 F.2d at 1487-88 (quoting 20 C.F.R. § 404.1567(b)). Therefore, unless there is substantial evidence to support the ALJ's implied finding that claimant's back injury had no effect on his RFC for a full range of light work, claimant's characteristics did not precisely match Rule 202.18, and the ALJ was precluded from relying on the grids for a conclusive determination of nondisability. See Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998).

We have no difficulty deciding that evidence from July 1995 cannot support the ALJ's implied finding that claimant's July 1996 back injury and surgery had no effect on his RFC for a full range of light work. The ALJ is not allowed to presume or speculate that claimant's 1996 back surgery resolved the problems associated with his injury. See Social Security Ruling 86-8, 1986 WL 68636, at *8. On the contrary, "[t]he adjudicator must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." Social Security Ruling

-6-

96-8p, 1996 WL 374184, at *5. The ALJ is bound by the agency's rulings.    See 20 C.F.R. § 402.35(b)(1).

There is no evidence in the record from which the ALJ could properly conclude that there were no residual effects from claimant's 1996 back injury after his surgery. The medical evidence shows that claimant was left with some pain and numbness after surgery.    See Appellant's App., Vol. II at 184. There is no indication on the discharge summary that these impairments were insignificant or expected to resolve quickly.    See id.  In fact, claimant was prescribed narcotics,  see id., and his testimony at the hearing was that his surgeon had ordered nine sessions of physical therapy and was planning to order another MRI if his pain was not resolved by it,    see id. at 193.  We find nothing in the record concerning treatment for claimant's numbness.  As a result, the ALJ must further investigate the effects of claimant's 1996 injury and surgery on his RFC.  To this end, the ALJ should first attempt to obtain additional records from claimant's surgeon and physical therapist.    See 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 1512(f), 1519a(a)(1).  If additional records either do not exist or are insufficient to clarify the inconclusive evidence already in the record, then the ALJ should order a consultative examination.    See 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 1512(f), 1519a(a)(1).

The government suggests that additional treatment records must not exist because claimant, who was represented by counsel, did not volunteer them. Of course, a claimant is not well served by an attorney who abdicates his responsibility to support his client's claim to the fullest extent possible by submitting all of his medical evidence. Nevertheless, "a social security disability hearing is nonadversarial." Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). "[T]he presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation" triggers the ALJ's duty to develop the record, which may include ordering a consultative examination. Id. at 1166-67. The very real possibility that the ALJ should not have relied on the grids due to the existence of significant nonexertional impairments after July 1996 constitutes a "material impact" on his decision. This case therefore must be remanded for further investigation into the effects of claimant's 1996 back injury and surgery on his ability to work.

We note that the ALJ seems to have been convinced that claimant is unmotivated to work and undeserving of benefits because of his admitted drinking problem. See Appellant's App., Vol. II at 14, 168-70, 172-73. The ALJ did not make a finding that substance abuse is a "contributing factor material" to claimant's claim of disability, however. 42 U.S.C. § 423(d)(2)(C); see also

-8-

20 C.F.R. § 404.1435(a).  Such a finding is required to deny disability benefits based on substance abuse; claimant is entitled to benefits if he is disabled by his impairments other than alcoholism.    See 20 C.F.R. § 404.1535(b)(2)(ii).

The denial of disability benefits is AFFIRMED up to the date of claimant's back injury in July 1996.  The district court's judgment is otherwise REVERSED, and the case is REMANDED WITH DIRECTIONS for the district court to remand the case to the agency for additional proceedings consistent with this order and judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge