F I L E D
**United States Court of Appeals
Tenth Circuit**

**JAN 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FELIX HERNANDEZ,

      Plaintiff-Appellant,

v.

LARRY G. MASSANARI,[*] Acting
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 01-1087
(D.C. No. 00-D-23)
(D. Colo.)

---

**ORDER AND JUDGMENT** [**]

---

Before **TACHA** , Chief Judge, **SEYMOUR** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

[*]     On March 29, 2001, Larry G. Massanari became the Acting Commissioner of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Massanari is substituted for Kenneth S. Apfel as the appellee in this action.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Felix Hernandez appeals from the denial of his claim for social security disability and supplemental security income benefits. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the agency's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

Plaintiff was born on August 7, 1955. He formerly worked in construction as a laborer, which required heavy lifting and exertion. On January 27, 1995, plaintiff injured his back at work while lifting a block of concrete. He alleged that he became disabled on that date due to spinal injuries and mental impairments. The administrative law judge (ALJ) rejected plaintiff's claim that he suffers any severe mental impairment. Admin. R. at 21. The ALJ decided at step four that plaintiff retained the residual functional capacity (RFC) to perform light work, except that he could not lift more than fifteen pounds, should only occasionally climb, and should avoid moderate exposure to extreme cold and

hazards.  Id. at 24.  The ALJ determined that plaintiff's RFC prevented him from returning to his past work.  Id.  Based on the testimony of a vocational expert, however, the ALJ decided at step five that there were jobs that plaintiff could perform with his RFC and that he was not disabled.  Id. at 24-25.

Plaintiff presented additional evidence of his alleged mental impairments to the Appeals Council, which the Appeals Council made a part of the administrative record.  Id. at 9.  Nevertheless, the Appeals Council denied review, id. at 7-8, and the ALJ's decision is the final agency decision.  The district court upheld the agency's decision, holding that the additional evidence plaintiff submitted to the Appeals Council was based on evidence already in the record and it did not change the outcome of this claim under the analysis of O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994).

Plaintiff argues on appeal that the district court erred by failing either to fully review the "overwhelming psychiatric and psychological evidence" or to remand the case to the agency for the ALJ to perform that review.  Appellant's Br. at 1.  We disagree both that the evidence is overwhelming and that the ALJ failed to review it.

The ALJ thoroughly reviewed the evidence of plaintiff's alleged mental impairments.  See Admin. R. at 16-21, 23.  The ALJ observed that although plaintiff has received mental health treatment and therapy, his treating

practitioners placed no restrictions on him. Id. at 20. The ALJ concluded that plaintiff's alleged mental impairments were not severe. Id. at 21. The ALJ rejected the opinion of Dr. Kirchner that plaintiff is disabled by the combination of his physical and mental impairments. The ALJ reasoned that Dr. Kirchner, a psychologist, was not qualified to assess plaintiff's physical complaints and that his conclusion that plaintiff is disabled went against the weight of the evidence. Id. at 20. The ALJ's reasons for rejecting Dr. Kirchner's opinion are legitimate. See 20 C.F.R. § 404.1527, § 416.927. The additional evidence plaintiff presented to the Appeals Council was a one-page report from Dr. Moses, a psychiatrist, who relied on and basically echoed Dr. Kirchner's opinion. See Admin. R. at 358. Although plaintiff claims that Dr. Moses was his treating psychiatrist, he does not point to any other evidence from Dr. Moses to support the doctor's conclusion that plaintiff is disabled. Thus, Dr. Moses' opinion is linked only to Dr. Kirchner's opinion, and it was appropriately rejected as cumulative.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

-4-