**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ORANDA LUERAS,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 21-2043
(D.C. No. 1:19-CV-01069-GJF)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **McHUGH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Oranda Lueras appeals from the district court's decision upholding the

Commissioner of Social Security's denial of her application for Supplemental

Security Income (SSI).  Exercising jurisdiction under 28 U.S.C. § 1291 and

42 U.S.C. § 405(g), we affirm the district court's judgment.

**I.  Background**

Ms. Lueras filed for SSI in December 2016, alleging disability based on a

variety of physical and mental impairments.  An administrative law judge (ALJ)

---

    * After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value.  *See* Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

found Ms. Lueras had impairments that resulted in some limitations, but that those impairments did not preclude all work.  The ALJ arrived at that conclusion after reviewing Ms. Lueras's medical record and other documentation, considering the written opinions of three non-treating doctors and psychologists, and listening to the testimony of Ms. Lueras and a vocational expert.

### A.  Mental Health Records[1] and Opinion Evidence

The record includes two mental health treatment assessments of Ms. Lueras: a February 2015 intake assessment, and an October 2015 psychological assessment. In the intake assessment, Ms. Lueras was diagnosed with generalized anxiety disorder.  In the October assessment, a therapist described Ms. Lueras as alert and attentive with no indications of excessive distractibility, and capable of tracking the conversation normally.  The therapist further observed she appeared of average intelligence and that while her affect was blunted, her attitude was open and cooperative, her memory intact, and her thought processes intact and organized.

The remaining treatment records pertain to Ms. Lueras's physical complaints. To the extent those records reflect anything about Ms. Lueras's mental health, her treatment providers routinely observed her to be pleasant and cooperative, alert and oriented, having fair judgment, and showing no decrease in ability to concentrate.

---

[1] Because Ms. Lueras's arguments on appeal involve only mental impairments, our discussion here focuses on those portions of the record involving her mental health.

Ms. Lueras also completed a "Function Report-Adult" form as part of the administrative proceedings. It mostly reflects her physical ailments, but she also described having social phobia, PTSD, personality conflicts and anger, and disliking being around other people. Despite these complaints, she said she gets along "ok" with authority figures such as police, landlords, bosses, or teachers, and that she had never been fired from a job due to problems getting along with others. R. Vol. II at 227.

The ALJ also considered the opinions of two doctors and a psychologist. Paula Hughson, M.D., conducted a consultative psychiatric examination of Ms. Lueras in March 2017, as part of the administrative proceedings. She observed that Ms. Lueras's affect was "restricted but congruent," that she was "[d]ramatically hypoactive," and that she had limited insight but fair judgment. R. Vol. IV at 474, 477. Dr. Hughson found Ms. Lueras was "[a]ble to attend and concentrate," was "cognitively intact," had logical thoughts, and could understand and remember short and simple instructions. *Id.* at 475, 479. She found no evidence of delusions or bizarre thinking. Ms. Lueras also told Dr. Hughson she could perform her activities of daily living unassisted and was able to help her children get ready for school. Dr. Hughson opined that Ms. Lueras had no more than moderate impairments in sustained concentration and task persistence, social interaction, and adaptation. She also opined that Ms. Lueras had marked limitations in her ability to interact with the public and use public transportation.

3

In July 2018, Dr. Hughson conducted a second examination of Ms. Lueras. She again observed that Ms. Lueras was hypoactive, but that she was also pleasant and cooperative, able to concentrate, had intact memory, and displayed linear and relevant thought processes. Unlike her previous opinion, however, Dr. Hughson opined that Ms. Lueras had several marked limitations that rendered her disabled.

By contrast, Scott Walker, M.D., reviewed Ms. Lueras's medical record in March 2017 and concluded she had only moderate limitations in functioning. He opined that Ms. Lueras retained the capacity to: "understand, remember, and carry out simple instructions"; "attend and concentrate sufficient to complete a routine work day without significant interruptions from psychologically-based symptoms"; "exercise reasonable judgment"; and "interact appropriately with coworkers[,] supervisors and the general public on a superficial basis." R. Vol. II at 87. Alvin Smith, a state agency psychologist, reviewed Ms. Lueras's medical record and agreed with Dr. Walker's assessment.

**B. Administrative Proceedings and District Court Judgment**

Ms. Lueras's claim was denied initially, on reconsideration, and by the ALJ after an administrative hearing. The ALJ followed the five-step sequential evaluation process for the consideration of disability claims. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (summarizing steps). The ALJ found at step five that Ms. Lueras possessed the residual functional capacity (RFC) to perform a range of unskilled work. Citing testimony of a vocational expert that Ms. Lueras could

perform work existing in significant numbers in the national economy, the ALJ concluded Ms. Lueras did not satisfy the definition of disability.

The Appeals Council then denied Ms. Lueras's request for review, making the ALJ's decision final for purposes of judicial review. *See* 20 C.F.R. § 422.210(a). Ms. Lueras appealed the ALJ's decision to the district court, which affirmed it. Ms. Lueras timely appealed, arguing the ALJ (1) improperly weighed Dr. Hughson's second opinion, and (2) failed to include in its analysis of Ms. Lueras's RFC all the limitations Dr. Walker identified.

## II.  Discussion

We review the ALJ's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the ALJ applied the correct legal standards. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). This "threshold . . . is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). We may neither reweigh evidence nor substitute our judgment for the Commissioner's. *See Hendron*, 767 F.3d at 954.

### A.  Whether the ALJ Properly Weighed Dr. Hughson's Opinions

We hold the ALJ did not err in giving less weight to Dr. Hughson's opinions. An ALJ must consider the "consistency between [an] opinion and the record as a

whole." *Goatcher v. U.S. Dep't of Health & Hum. Servs.*, 52 F.3d 288, 290 (10th Cir. 1995).  Here, the ALJ found that Dr. Hughson's second opinion, in which she identified marked limitations in Ms. Lueras's capacity for unskilled work, was inconsistent with the larger medical record, which regularly described Ms. Lueras as fairly well groomed, pleasant and cooperative, alert and oriented with intact insight, having fair judgment, and having normal mood and affect with no decrease in ability to concentrate.  We hold the ALJ's conclusion was supported by substantial evidence.

Not only was Dr. Hughson's opinion inconsistent with the larger medical record, but the ALJ also found her opinions contained internal inconsistencies.  *See White v. Barnhart*, 287 F.3d 903, 907 (10th Cir. 2001) (affirming ALJ's disregard of treating physician's opinion based on discrepancies between physician's opinion and observations during examination).  For example, despite her conclusion that Ms. Lueras had marked limitations in her ability to attend and concentrate, Dr. Hughson observed that Ms. Lueras was "[a]ble to attend and concentrate" for purposes of the two-hour examination.  R. Vol. V at 904.  The ALJ also discounted Dr. Hughson's opinion based on her failure to explain the difference between her assessments in March 2017, when she found that Ms. Lueras had only moderate limitations, and in July 2018, when she found Ms. Lueras had marked limitations that rendered her disabled.  Again, we discern no error in these conclusions and hold they were supported by substantial evidence.

**B. Whether the ALJ Failed to Account for the Limitations Identified by Dr. Walker**

Ms. Lueras contends that in assessing her RFC, the ALJ did not account for the moderate limitations Dr. Walker identified, including that Ms. Lueras is limited to occasional and superficial interactions with the public, coworkers, and supervisors. Ms. Lueras argues the ALJ omitted from the RFC analysis the limitation concerning coworkers and supervisors. We hold that even if the ALJ's RFC finding did not adequately account for the supervisor/coworker limitation, the error was harmless.

We may hold an ALJ's error harmless "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). Here, the jobs relied upon by the ALJ to conclude that Ms. Lueras could perform work existing in significant numbers in the national economy—price tagger and photocopy machine operator—involve very little interaction with either coworkers or supervisors. Indeed, as the ALJ confirmed with the vocational expert, those jobs are listed in a category that require "the least amount of contact with anyone." R. Vol. II at 60. Because there is no actual conflict between the limitations identified by Dr. Walker and the jobs identified by the vocational expert and relied upon by the ALJ, any oversight by the ALJ in including these limitations was harmless error.

### III. Conclusion

For the foregoing reasons, the judgment is affirmed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge