**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICKEY SOUTHARD,

        Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

        Defendant - Appellee.

No. 02-7102
(D.C. No. 01-CV-604-P)
(E.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's order upholding the denial of his application for social security disability and supplemental security income benefits. Plaintiff was born in 1952 and has a high school graduation equivalency diploma (GED). His past relevant work experience has included delivery driver, mechanic, and combination mechanic and welder, all described as medium to heavy, semiskilled and skilled work. Plaintiff claimed disability as of March 15, 1998, due to a bulging lumbar disc, mid-level back pain, and arthritis in his neck. Following a hearing, the Administrative Law Judge (ALJ) denied benefits at step five of the review process. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing sequential evaluation process).

Plaintiff claims the ALJ erred (1) in finding plaintiff retained the residual functional capacity (RFC) to perform light work and (2) in failing to accord proper weight to the opinion of plaintiff's treating physician and substituting his (the ALJ's) medical opinion for that of the treating physician. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

**Standard of Review**

We review the agency's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." *Id.* (quotations and citation omitted). However, "[a] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988). In addition, the agency's failure to either apply correct legal standards, or show us it has done so, is also grounds for reversal. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). Finally, because evidence substantiality is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

## Sequential Evaluation

In determining at step two that plaintiff has a severe impairment, the ALJ determined that the record evidence "supports a finding that the claimant has chronic lower back pain and neck pain secondary to degenerative changes in the spine and herniated discs at L3-4, L4-5, L5-S1 with radiculopathy to the right leg," causing "significant vocationally relevant limitations." Aplt. App. at 33. The ALJ determined at step three that plaintiff's impairments did not meet any of the listed impairments described in Appendix I of the Regulations (20 C.F.R., pt. 404, subpart P, app. 1).

At step four, the ALJ considered plaintiff's RFC, "a term which describes the range of work activities the claimant can perform despite his impairments." Aplt. App. at 35. As part of this evaluation process, the ALJ recognized his obligation to consider subjective allegations, and to give careful consideration to the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; type, dosage, effectiveness and side effects of medication; treatment, other than medication, for pain relief; functional restrictions; and plaintiff's daily activities. *Id.* *See* 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3) (also listing any measures used to relieve pain or other symptoms). It is not enough, however, for the ALJ simply to recite the factors described in the regulations. Instead, the determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record" and be "sufficiently specific" to inform subsequent reviewers of both the weight the ALJ gave to a claimant's statements and the reasons for that weight. SSR 96-7p, 1996 WL 374186 at *4 (1996). [1]

**Pain Evidence**

Here, the ALJ concluded there were "minimal objective medical findings substantiating the claimant's subjective allegations to the extent alleged." Aplt. App. at 35. Specifically, the ALJ referred to an orthopedic consultation, which

---

[1]     Social Security Rulings are binding on the ALJ.     *See* 20 C.F.R. § 402.35(b).

-4-

discusses an MRI finding showing some mild degenerative disc disease, but not reflecting compression pathology causing the radicular complaints as alleged by plaintiff. *Id.* at 36; 295. That same report, however, notes that plaintiff reported low back pain into the buttocks and both lower extremities, and that physical therapy had increased his back and leg pain. *Id.* at 295. Moreover, as noted by the ALJ, this MRI also showed a moderate-sized left lateral extrusion at L3-4 and minimum central extrusion of disc at the L4-5, L5-S1 disc space. *Id.* at 33. The radiology report also states that "exiting left sided L3 nerve root compression could not be totally excluded." *Id.* at 245. In addition, plaintiff's treating physician (Dr. Wills) referred to this MRI as indicating "possible L3 nerve root compression." *Id.* at 237-38, 240.

Dr. Wills also noted the presence of "calcification of the cervical or dorsolumbar anterior and lateral ligaments," *id.* at 239, herniated nucleus pulposis, *id.* at 240, muscle spasms, *id.* at 241, and resulting pain as evidenced by an elevation in plaintiff's blood pressure and pulse rate. *Id.* at 241. It is further undisputed that plaintiff takes a muscle relaxant and two different pain killers on a daily basis. *Id.* at 124. He has consistently reported back pain to his treating physician, physical therapists, and others on a regular basis. *Id.* at 249, 251-256, 271, 275, 283-284, 295-308, 317. *See* SSR 96-7p, 1996 WL 374186 at *5-6 (noting that consistency of a claimant's statements, particularly statements made

to treating or examining medical sources and other sources outlined in regulations, provides strong indication of individual's credibility).  At one point, his physical therapist advised plaintiff to stop his exercises until the pain decreased.   Aplt. App . at 300.  Plaintiff has also reported his prescribed pain medication as not working.     *Id.* at 254.  There is no suggestion in any of the medical reports that plaintiff was exaggerating his symptoms.  Although the ALJ mentioned some of this medical evidence, he nonetheless summarily concluded that plaintiff's "subjective allegations appear exaggerated."     *Id.* at 36.

In evaluating plaintiff's subjective claims of pain, an ALJ's findings on credibility "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."     *Kepler v. Chater*  , 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted).  In this case, we have only the conclusion that plaintiff was exaggerating his allegations without the requisite link to substantial evidence.     Aplt. App. at 36.    Having failed to properly assess plaintiff's credibility, in part by not giving "specific reasons for the weight given to [plaintiff's] statements," as supported by the record,      *see* SSR 96-7, 1996 WL 374186 at *4, and by failing to adequately consider (or show us that he has considered) the other required factors,      *id.* at *5-8, the ALJ did not provide the documentation necessary to give plaintiff a full and fair review of his claim and to ensure a well-reasoned decision.     *Briggs ex rel. Briggs v. Massanari*    , 248 F.3d

1235, 1239 (10th Cir. 2001) (citing SSR 96-7p). Consequently, the ALJ's determination of plaintiff's RFC is not supported by substantial evidence.

**RFC Assessment Errors**

Nor did the RFC finding contain the required complete function-by-function assessment based on all the relevant evidence. *See* SSR 96-8p, 1996 WL 374184 at *3-4. A proper RFC assessment "must address both the remaining exertional and nonexertional capabilities of the individual." *Id.* at *5. Each of the seven strength demands must be considered separately. *Id.* In this case, after concluding plaintiff retained an RFC for light work, the ALJ made specific findings only as to the amount of weight plaintiff could lift or carry and did not separately address plaintiff's ability to sit, stand, walk, push, or pull, except to note plaintiff's need for "an assistive device in the dominant right hand for most ambulation," the need to avoid repetitive bending and torso twisting, and the need to only occasionally operate foot pedals and "to intermittently alternate sitting and standing positions for a few minutes 1-2 times an hour." Aplt. App. at 36. There is no discussion of "the maximum amount of each work-related activity [plaintiff] can perform," nor is there any "narrative discussion describing how the evidence supports each conclusion, citing *specific* medical facts . . . and nonmedical evidence." SSR 96-8p, 1996 WL 374184 at *7 (emphasis added). Also missing is any explanation of why the treating physician's statement regarding plaintiff's

limitations was not adopted,[2] which is required when the ALJ's RFC assessment conflicts with that opinion. *Id.* Thus, in addition to an inadequate consideration of plaintiff's credibility regarding subjective complaints of pain, the ALJ's RFC finding at the first phase of the step-four analysis did not even accurately reflect plaintiff's exertional limitations. *See Winfrey*, 92 F.3d at 1023-24. Because the ALJ failed to make all the detailed findings required by the regulations and rulings at step four, his RFC conclusions are not supported by substantial evidence. On remand, the ALJ needs to reevaluate plaintiff's claim of disabling pain in light of the entire record and the requirements of SSR 96-7p. He also needs to properly reconsider plaintiff's exertional limitations.

### Treating Physician's Opinion

Plaintiff also alleges that the ALJ erred in not according controlling weight to the opinion of his treating physician, Dr. Wills. As previously discussed, Dr. Wills' medical opinions were based on numerous treatment visits, as well as MRI and X-ray evidence. Moreover, "[w]hen a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physician's reports to see if they outweigh the treating physician's report, not the

---

[2] The ALJ mentioned, but otherwise apparently ignored, detailed medical source statements prepared by Dr. Wills, which listed plaintiff's specific limitations and the reasons for them. Aplt. App. at 319-20.

other way around." *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995) (quotations omitted).

In declining to give Dr. Wills' opinion controlling weight, the ALJ was required to consider the factors outlined in 20 C.F.R. §§ 404.1527(d) and 416.927(d). *See also* SSR 96-8p, 1996 WL 374184 at *7 The ALJ did not do this. Instead, he determined that Dr. Wills' outline of plaintiff's "significant functional limitations" was "not fully supported by the objective medical findings" because the orthopedic consultant noted that the MRI "did not reflect compression causing radicular complaints as alleged by [plaintiff]." Aplt. App. at 36; 295. In so doing, the ALJ failed to properly consider the findings and specific limitations outlined by Dr. Wills in her two medical source statements, Aplt. App. at 239-44; 319-21, and virtually ignored her three separate opinion letters detailing plaintiff's medical issues, including her opinion that plaintiff's "extruded discs make it difficult for him to remain either seated or standing for prolonged periods of time." *Id.* at 237-38; *see also id.* at 238, 293. Moreover, as we have previously noted, the radiology report itself states that "[e]xiting left sided L3 nerve root compression could not be totally excluded," *id.* at 245, which is consistent with Dr. Wills' assessment of "possible L3 nerve root compression." *Id.* at 237-38, 293. On remand, the ALJ will need to reconsider Dr. Wills' opinions and treatment notes under the rules and regulations for evaluating

treating source opinions. *See also Doyal*, 331 F.3d at 762-63 (describing factors for assessing whether physician's opinion entitled to controlling weight).

Accordingly, the judgment of the district court is REVERSED, and the cause is REMANDED to the district court with directions to remand the action to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge